## No. 9708.

### FEIT *v.* REICHERT.

1. PRACTICE IN ERROR—*Findings supported by competent testimony,* will not be disturbed.

2. REFORMATION OR RESCISSION—*Election.* Where facts justify either reformation or rescission party must elect and abidé such election.

*Error to Larimer District Court, Hon. Neil F. Graham, Judge.*

Mr. L. D. THOMASON, for plaintiff in error.

Mr. 'L. R. TEMPLE, for defendants in error.

Mr. Justice Burke delivered the opinion of the court.

PLAINTIFF in error, who was plaintiff below, executed a deed of trust conveying certain property to defendants in error, A. L. Rohling, Henry Reichert and David Ruff, as trustees. One half of said property was, by the terms of the deed, to be held in trust for plaintiff, the other for her children. This action is brought to rescind that instrument on the ground of fraud. Plaintiff speaks the German language and is unfamiliar with the English. She alleges in her complaint that two of the trustees, who assumed to translate this deed for her before she signed it, deliberately deceived her as to its terms. The complaint sets up a good cause of action for *rescission* and prays that relief. Trial was had to the court, without a jury, and to review the judgment entered against her plaintiff brings error.

In his assignment and brief counsel for plaintiff complains of the refusal of the trial court to *reform* the trust deed in question, and such is the relief sought here. "The circumstances may be such as to give one of the parties an election either to have the contract reformed or to have it rescinded. Here he must make a definite choice of his remedy. * * * and he must abide an election once made." Black on Rescission and Cancellation, Vol. 1, Sec. 11, p. 16.

Plaintiff testified that neither Rohling nor any one else translated the trust deed for her at the time she signed it. Rohling testified that both he and Henry Reichert then and there fully and fairly translated for her that instrument. There is considerable additional evidence in support of each. Under such circumstances the findings of the trial court will not be disturbed. "If there is anything that is well settled in this state, it is that this court will not set aside the findings of fact of the trial court if they are supported by competent testimony." *Vigil v. Garcia*, 36 Colo. 430, 437; 87 Pac. 543.

The judgment is accordingly affirmed.

Garrigues, C. J., and Teller, J., concur.